UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH M. KEMPFER, JR.,

    Plaintiff,

v.

SHERIFF SHANNON WOLFF and
RANDOLPH COUNTY, ILLINOIS,

    Defendants.

Case No. 16-cv-574-JPG-SCW

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the defendants' motion for summary judgment in this First Amendment retaliation case (Doc. 13). Plaintiff Kenneth M. Kempfer, Jr. has responded to the motion (Doc. 16).

**I.**     **Summary Judgment Standard**

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

The initial summary judgment burden of production is on the moving party to show the Court that there is no reason to have a trial. *Celotex*, 477 U.S. at 323; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013). Where the non-moving party carries the burden of proof at trial, the moving party may satisfy its burden of production in one of two ways. It may present evidence that affirmatively negates an essential element of the non-moving party's case, *see* Fed.

R. Civ. P. 56(c)(1)(A), or it may point to an absence of evidence to support an essential element of the non-moving party's case without actually submitting any evidence, *see* Fed. R. Civ. P. 56(c)(1)(B). *Celotex*, 477 U.S. at 322-25; *Modrowski*, 712 F.3d at 1169. Where the moving party fails to meet its strict burden, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-26; *Anderson*, 477 U.S. at 256-57; *Modrowski*, 712 F.3d at 1168. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

**II.     Facts**

Viewing all the evidence and drawing all reasonable inferences in Kempfer's favor, the Court finds the following relevant facts for the purpose of this motion.

In December 1994, Kempfer was hired by defendant Randolph County, Illinois (the "County"), to work in the Randolph County Sheriff's Office. In June 2014, Kempfer and the County entered into an early retirement agreement ("ERA") under which Kempfer agreed that his employment would terminate on December 31, 2014. The ERA also contained a release of claims against the County and its employees. Under the agreement, the County allowed Kempfer to use his accrued sick leave for the entire time between entering into the ERA and the

2

end of his employment on December 31, 2014.

The sheriff had the authority to appoint a Sheriff's Office employee to serve as a school resource officer for the Sparta Community School District #140 (the "District"). The collective bargaining agreement ("CBA") governing the relationship between the County and its employees required the sheriff to offer this position to full-time deputies first, then to supervisors. If no one in these positions volunteered, a part-time deputy could be assigned to the position. CBA § 26.8 (Doc. 14-2). In August 2014, while he was still technically a full-time employee of the County but not reporting to work, Randolph County Sheriff Michael Hoelscher commissioned Kempfer to serve as a school resource officer for the District. Hoelscher arranged for the District to pay Kempfer directly rather than having the sheriff's department pay Kempfer for his service at the school.

Around the same time, defendant Shannon Wolff was challenging Hoelscher for the position of Randolph County sheriff in the 2014 general election. Kempfer supported and campaigned for Hoelscher, but Wolff ended up winning the election. Wolff became sheriff on December 1, 2014.

After the election but before he took office, Wolff told Hoelscher he was not going to renew Kempfer's commission as the District's school resource officer because Wolff did not like the things Kempfer had said about him during the campaign. He told Kempfer the same thing, and suggested that if he wanted to keep his position as the District's school resource officer, he would have to seek a commission from another law enforcement agency such as the Sparta Police Department. Other factors played into Wolff's decision not to renew Kempfer's commission. He thought it was unethical for Kempfer to be drawing a paycheck from the County and the District at the same time while potentially subjecting the County to liability for his conduct as a school resource officer. He also thought there was a conflict because the County

and the District both had control over Kempfer, presenting uncertainty about to whom Kempfer answered for his conduct. At the time of his decision, Wolff knew that Kempfer had an agreement with the County to retire early, but he was not aware of the details of the agreement, including the date Kempfer agreed his employment would terminate. Wolff did not see the ERA itself until this lawsuit.

Kempfer continued to work as the District's school resource officer until the school let out for Christmas break. However, true to his word, Wolff did not renew Kempfer's commission and instead commissioned another sheriff's deputy to be the school resource officer in January 2015.

Kempfer filed this lawsuit under 42 U.S.C. § 1983 in May 2016. He alleges that Wolff retaliated against him because of his political activities in violation of the First Amendment (Counts I and II). He seeks to hold the County liable for Wolff's conduct under *Monell* on the grounds that Wolff was a policy-maker for the County (Count III). *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978) (holding that a municipality can be liable under § 1983 if a person with final policymaking authority for the municipality caused a constitutional violation).

The defendants ask the Court for summary judgment on the grounds that Kempfer's political speech was not a motivating factor in Wolff's decision. Instead, they argue that Kempfer's employment ended on December 31, 2014, due to the ERA, not any decision by Wolff. Additionally, they argue that Wolff decided not to renew Kempfer's commission as the District's school resource officer because it would have violated the CBA to hire a retired deputy for that position. They also argue that the release in the ERA waived all of the claims in this case. In response, Kempfer points to evidence that Wolff's decision not to renew his commission was motivated by Kempfer's political speech, and he casts doubt on Wolff's CBA-related rationale for not renewing Kempfer's commission. He also challenges whether the

4

release waived claims that did not exist at the time he signed the ERA.

## III. Analysis

The analysis of this case is complicated by the fact that both sides rely on an outdated standard for proving a First Amendment retaliation case. Historically, to make out a *prima facie* case of retaliation, the plaintiff needed to prove three things: "(1) his speech was constitutionally protected; (2) he has suffered a deprivation likely to deter free speech; and (3) his speech was at least a *motivating factor* in the employer's action." *Massey v. Johnson,* 457 F.3d 711, 716 (7th Cir.2006) (emphasis added). However, the Supreme Court's decision in *Gross v. FBL Financial Services, Inc.,* 557 U.S. 167, 174-75 (2009), changed the landscape. In *Gross*, the Supreme Court held that simply proving a factor was a "motivating factor" is not sufficient to establish a plaintiff's case in suits under federal law unless a statute says it is. *Id.* (finding Title VII expressly authorized liability for "motivating factor" causation but Age Discrimination in Employment Act did not); *Fairley v. Andrews,* 578 F.3d 518, 525-26 (7th Cir.2009). Instead, the plaintiff must prove "but-for" causation, that is, but for the factor in question, the defendant would not have made the decision or taken the action it did. *Fairley*, 578 F.3d at 525-26.

In *Kidwell v. Eisenhauer*, 679 F.3d 957 (7th Cir. 2012), the Court of Appeals for the Seventh Circuit explained *Gross*'s impact on First Amendment retaliation law. Now, in order to prevail on a First Amendment retaliation claim at trial, a plaintiff must prove not just that the protected activity was a *motivating factor* for the defendant's adverse action, but that, *but for the plaintiff's protected activity*, the defendant would not have taken the adverse action. *Id.* at 965. However, while the plaintiff carries the ultimate burden of proving but-for causation at trial, at summary judgment, the burden of proving causation is split between the parties. Thus, in order to withstand a motion for summary judgment on a First Amendment retaliation claim, a plaintiff must establish the historic *prima facie* case as set forth above. *Id.* Then the burden shifts to the

5

defendant to rebut the causal inference created by the plaintiff's showing and to prove that it would have taken the same action regardless of the plaintiff's protected activity. *Id.*; *Peele v. Burch*, 722 F.3d 956, 960 (7th Cir. 2013). If the defendant fails to satisfy its burden, the plaintiff has established the "but-for" causation he needs to prevail in the action. *Kidwell*, 679 F.3d at 965.

The imperfect fit between the parties' arguments and the current law does not prevent the Court from weighing the merits of the pending summary judgment motion. The defendants do not contest that Kempfer's campaign activity for Hoelscher constituted speech protected by the First Amendment. Instead, they focus on the second and third factor of Kempfer's *prima facie* case. They argue Kempfer cannot prove (1) Wolff took adverse action against him because his employment expired naturally by the terms of the ERA or (2) Wolff's action was caused by Kempfer's political speech. Kempfer, on the other side, characterizes Wolff's adverse action not so much as a termination but a failure to hire or rehire him as the District's school resource officer. To show causation, he points to statements by Wolff that he was not going to renew Kempfer's commission *because of* his activity in support of his political opponent and facts suggesting it was impossible for Wolff to have relied on the ERA, with which he was not familiar at the time, as a basis for his decision.

The Court finds Kempfer has made a sufficient showing to establish a *prima facie* case of retaliation for First Amendment activity. There is evidence from which a reasonable jury could find Wolff made an adverse employment decision regarding Kempfer when he decided not to recommission him as the District's school resource officer. It could be viewed as a failure to hire, an affirmative employment decision, as opposed to a natural termination of employment due to the ERA.

Kempfer has also made a sufficient showing that Wolff was motivated, at least in part, by

6

Kempfer's protected political speech during the campaign for the Randolph County sheriff's position. Evidence exists that Wolff considered that speech in making his decision not to renew Kempfer's commission as the District's school resource officer and that the speech, indeed, motivated him to make that decision.

The defendants, however, have established that Kempfer cannot prove but-for causation. It is clear that, even had Wolff not considered Kempfer's political speech when he made his decision, he would have ultimately taken the same action. The CBA required that any job be first offered to a full-time deputy, then to a supervisor, then to a part-time deputy. While he was still technically employed by the County but on sick leave, Kempfer was a full-time employee eligible for consideration by the sheriff for commissions, so his commission by Hoelscher as the District's school resource officer did not violate the CBA. Indeed, he remained in that position for the rest of 2014. However, after December 31, 2014, when Kempfer's retirement became effective and he was no longer employed as a deputy sheriff, he was not eligible to be commissioned by Wolff as a school resource officer – or any other sheriff's office job, for that matter – under the CBA. Thus, had Wolff set aside his displeasure with Kempfer's political speech and decided to recommission him as the District's school resource officer, he would not have been able to do so because he would have discovered that Kempfer, as a retired deputy, was not eligible for that job under the terms of the CBA. The fact that Wolff did not actually know the specifics of Kempfer's retirement at the time of his decision does not matter where Wolff would have eventually learned those details had he tried to recommission Kempfer. No reasonable jury could find, in light of these facts, that Kempfer's political speech was a but-for cause of Wolff's decision not to recommission him.

Kempfer's claim against the County under *Monell* is predicated on Wolff's improper conduct, which Kempfer argues should be attributable to the County because Wolff makes policy

for the County.[1]  However, because Wolff's conduct did not violate the First Amendment, the County cannot be held liable for a violation based on that conduct.

Because this case is resolved on the merits of Kempfer's claims, the Court need not consider whether he has waived his claims in the ERA's release.

**IV.     Conclusion**

For the foregoing reasons, the Court finds no reasonable jury could conclude that Kempfer's political speech was the but-for cause of any adverse action taken by the defendants. The defendants are therefore entitled to summary judgment.  Accordingly, the Court **GRANTS** the defendants' motion for summary judgment (Doc. 13) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  December 5, 2017**

                                                      s/ J. Phil Gilbert
                                                     **J. PHIL GILBERT**
                                                     **DISTRICT JUDGE**

---

[1] Both parties assume that Wolff was an employee of and policymaker for the County.  Under Illinois law, however, a sheriff is an independently elected constitutional officer who is not an agent or employee of the county.  Ill. Const. art. 7, § 4(c); 55 ILCS 5/3-6008; *Moy v. County of Cook*, 640 N.E.2d 926, 931 (Ill. 1994).  As such, they are not under the control of the county and do not make policy for the county.  *Id.* at 929; *Franklin v. Zaruba*, 150 F.3d 682, 685-86 (7th Cir. 1998); *Ryan v. County of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995); *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989).  The parties' mistaken assumption, however, is not material to the Court's reasons for the outcome of this case.